Kline, J.,
concurring.
{¶ 81} I concur in the majority opinion and find that the DNA reports at issue in this case are business records that are not “testimonial” under Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177. I write separately to explain why I respectfully disagree with the lower court’s holding that “the fact that these [DNA] reports are prepared solely for prosecution *386 makes them testimonial.” (Emphasis added.) State v. Crager, 164 Ohio App.3d 816, 2005-Ohio-6868, 844 N.E.2d 390, ¶ 37. In my view, absent evidence to the contrary, it should be presumed that the primary purpose behind any county prosecutor’s request for DNA analysis is to seek justice, not merely to prosecute or convict a defendant.
{¶ 82} In Ohio, the county prosecutor is required to follow a code of ethics. As in effect at the relevant time, Canon 7 of the Code of Professional Responsibility, EC 7-13 provides:
{¶ 83} “The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict. This special duty exists because: (1) the prosecutor represents the sovereign and therefore should use restraint in the discretionary exercise of governmental powers, such as in the selection of cases to prosecute; (2) during trial the prosecutor is not only an advocate but he also may make decisions normally made by an individual client, and those affecting the public interest should be fair to all; and (3) in our system of criminal justice the accused is to be given the benefit of all reasonable doubts.” (Emphasis added.)
{¶ 84} Here, the prosecutor asked BCI for the DNA analysis through glasses of justice, not glasses of conviction. Prosecutors’ decisions are to “be fair to all.” Id. This includes Crager. When the prosecutor asked for the analysis, he certainly did not know the results. At the precise time he asked, the future DNA results could (1) exonerate Crager and eliminate the need for a trial or prosecution or (2) implicate Crager and require a trial or prosecution. The record demonstrates that the prosecutor’s conduct in this area comports with this high standard of professional responsibility.
{¶ 85} DNA expert Steven M. Wiechman testified to the guidelines BCI follows when conducting its tests. He said, “[Ultimately it’s the Prosecutor’s decision on what we’ll actually look at.” However, he stated that the prosecutor does not dictate the results and that BCI is “an unbiased agency.”
{¶ 86} Therefore, in my view, when BCI followed its “unbiased” guidelines and prepared the business records at the request and general direction of the county prosecutor, it did so with the primary purpose of seeking justice. Justice may, or may not, require prosecution.
{¶ 87} Accordingly, in the context of this explanation, I concur in the majority opinion.